

June 27, 2025

<u>Via ECF</u>

Hon. Judge Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Marina Kondratskaia v. Equitas Capital Group, LLC et al.,* Case No. 1:25-cv-02620-BMC

Dear Judge Cogan:

Our firm represents Plaintiff Marina Kondratskaia ("Plaintiff") in the above-referenced matter and submit this letter jointly with Defendants pursuant the Court's Order, dated May 12, 2025.  A Proposed Civil Case Management Plan and Scheduling Order agreed to by the parties is attached as <u>Exhibit A</u>.  The parties' positions with respect to the information required by the May 12, 2025 Order are as follows:

**1.     A Brief Description of the Case**

<u>Plaintiff's Statement</u>: This case concerns the wrongful nonpayment of earned wages (including commissions) and related statutory violations arising from a multi-year working relationship between Plaintiff Marina Kondratskaia, a commercial real estate finance professional, and Defendants Equitas Capital Group, LLC and its principal, Aleksandr Leykind.

Plaintiff worked exclusively for Defendants for nearly five years—from approximately March 2020 through late 2024. Under the parties' agreement, Plaintiff received 35% of Defendants' revenue on each commercial real estate loan transaction she worked on, net of referral fees. Plaintiff's role was non-sales in nature and focused on administrative and analytical functions critical to shepherding commercial loans from intake to close. She regularly worked on dozens of deals at a time and helped close over $600 million in loans during her tenure.

In 2023, Defendants began altering the compensation terms mid-deal, requiring Plaintiff to accept reduced commissions—sometimes unilaterally and retroactively—based on alleged staffing needs or other justifications. In late 2024, following a brief leave to care for her ailing mother, Plaintiff was effectively "ghosted": Defendants never formally terminated her, but refused to provide her further work, communicate about her return, or return her work laptop. At the time, Plaintiff was

actively working on over a dozen transactions, some of which subsequently closed without any compensation to her. Plaintiff lost all access/visibility to relevant documents, communications and updates about pending deals.

Plaintiff estimates her unpaid compensation exceeds $220,000, depending on the final outcome of the transactions she was managing when her work was cut off. She also seeks statutory liquidated damages, attorneys' fees, and interest under NYLL and FIFA, and will reserve the right to amend her complaint to include additional statutory claims (e.g., FLSA) should discovery support them.

<u>Defendants' Statement</u>: Defendants dispute Plaintiff Marina Kondratskaia's narrative and legal theory. Contrary to her assertion that she worked exclusively for Defendants for over four years as an employee, Defendants assert that she was an independent contractor engaged on an as-needed basis. Plaintiff was never promised or entitled to guaranteed work or compensation, and her commissions were contingent upon specific conditions, namely, the successful closing of commercial real estate transactions. As the Complaint itself concedes, her compensation structure was transactional, and "she only received any kind of compensation when and if a transaction closed." (Compl. ¶22). She further acknowledges that many of the deals she worked on never closed (Compl. ¶49), which undercuts the basis for any wage or commission claim.

The professional relationship ended informally after Plaintiff was unavailable to complete projects and failed to maintain communication. Her assertion that she was "ghosted" is inaccurate and inconsistent with her own allegations that Defendants simply did not respond to inquiries regarding further work (Compl. ¶40–44). Plaintiff now seeks to recover speculative commissions on deals she was not involved in through closing, despite her admission that she no longer has access to the information necessary to identify which transactions closed (Compl. ¶55). Her claim for $220,000 in unpaid compensation is unsubstantiated by any records or closed deals.

    **2.**     **<u>Jurisdictional Basis</u>**

<u>Plaintiff's Statement:</u> Subject matter jurisdiction lies under 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the amount in controversy exceeds $75,000. The basis for Plaintiff's allegations regarding diversity/citizenship is both her knowledge of Equitas' owners as well as a Rule 7.1 Statement which Equitas filed in a parallel proceeding in the Southern District of New York (Case No. 1:24-cv-06789-ALC) just a week before this Action was filed. Equitas disputes this but bears the burden of proving its assertions, given that Plaintiff has met her prima facie burden of establishing jurisdictional facts.

<u>Defendants' Statement</u>: Defendants contest subject-matter jurisdiction under 28 U.S.C. § 1332. While Plaintiff alleges she is domiciled in Pennsylvania (Compl. ¶6), one of the three members of Equitas, Arsen Atbashyan, is also domiciled in Pennsylvania. As an LLC, Equitas takes on the citizenship of its members. See Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc., 943 F.3d 613, 615 (2d Cir. 2019). Accordingly, complete diversity is lacking.

Plaintiff references a May 2025 Rule 7.1 Statement filed in an SDNY case to suggest that all members of Equitas are New York domiciled. However, that disclosure was superseded by a

Hon. Brian M. Cogan
June 27, 2025
Page 3 of 4

Supplemental Rule 7.1 Statement filed on June 3, 2025 (ECF 9-1), confirming that Atbashyan is domiciled in Pennsylvania. Defendants further supported this with documentary evidence, including a Pennsylvania driver's license and tax filings (ECF 9-2), consistent with standards for domicile under *Deer Consumer Prods., Inc. v. Little*, 938 N.Y.S.2d 767, 775 (N.Y. Sup. Ct. 2012). Therefore, Defendants intend to move under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject-matter jurisdiction.

### 3.      **Factual and Legal Claims**

Plaintiff's Statement: Plaintiff asserts five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of the New York City and New York State Freelance Isn't Free Acts ("FIFA"); (4) violations of New York Labor Law ("NYLL") §§ 191 and/or 193 for failure to pay commissions and/or wages owed; and (5) quantum meruit/restitution. Plaintiff pleads her status both as a statutory employee and, in the alternative, a covered freelance worker. With regard to Plaintiff's contract claims, it should be noted that there was no formal contract; discovery will be required to determine the exact terms of the agreement which was established through various communications and the parties' course of conduct.

Defendants' Statement: Defendants intend to move to dismiss all five causes of action under Fed. R. Civ. P. 12(b)(6). Plaintiff's breach of contract claim fails because she does not identify a valid contract, fails to specify terms, and admits uncertainty regarding performance and damages. New York law requires that contract claims plead the essential terms and the breach. *See Matter of Sud v. Sud*, 211 A.D.2d 423, 424 (1st Dep't 1995). Her claim relies on speculative assertions that transactions were "complete or substantially complete but for formalities" (Compl. ¶4; Compl. ¶48), which courts routinely reject. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

The implied covenant of good faith and fair dealing claim is duplicative. As held in *Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*, 70 A.D.3d 423, 426 (1st Dep't 2010), a claim based on the same facts and seeking the same relief as a breach of contract must be dismissed.

Plaintiff's FIFA claims fail because she asserts employee-like control, not freelance status. A freelance worker must be retained as an independent contractor, and Plaintiff alleges that Defendants controlled her work schedule, provided equipment, and required leave approval (Compl. ¶60–73), contradicting FIFA's statutory definitions under NYC Admin. Code § 20-927 and GBL § 1410.

Her NYLL claims are also deficient. As per *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609 (2008), commissions under NYLL are only "earned" when all conditions are met. Plaintiff admits she was paid only if deals closed and that many deals did not close (Compl. ¶49). She fails to identify a single closed transaction that triggered commission eligibility.

Finally, the quantum meruit claim is barred because Plaintiff alleges an express compensation agreement. As per *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388 (1987), a quasi-contract theory cannot be maintained where a contract governs the subject matter.

### 4.      **Contemplated Motions:**

Hon. Brian M. Cogan
June 27, 2025
Page 4 of 4

Plaintiff's Statement: Plaintiff does not presently anticipate filing any dispositive motion before the close of discovery but reserves the right to move for summary judgment after discovery concludes. Plaintiff also anticipates a potential motion to compel should Defendants decline to produce documentation regarding the pending deals at issue and related commission structures.

Defendants' Statement: Defendants intend to file a motion to dismiss under Rules 12(b)(1) and 12(b)(6). The jurisdictional motion will argue that Plaintiff and one of Equitas's members share Pennsylvania domicile, defeating diversity. The Rule 12(b)(6) motion will argue that Plaintiff fails to plead an enforceable contract, viable statutory claims under FIFA and NYLL, and that she admits the lack of factual knowledge needed to substantiate her damages.

## 5. Discovery Plan and Complexity:

Plaintiff's Statement: Given the nature of the claims and the preliminary classification as a non-complex matter, Plaintiff anticipates that 90 days of fact discovery is likely sufficient, though Plaintiff may request a brief extension depending on Defendants' responsiveness and the volume of records concerning deal histories and commission payments.

Defendants' Statement: Defendants agree with the Court's preliminary classification of this matter as non-complex and anticipate that 90 days of fact discovery should suffice. However, Defendants request that discovery be limited to transactions in which Plaintiff can credibly claim involvement and entitlement to commission. Given her admission that she lacks documentation about the status of any pending transactions (Compl. ¶55), and that many never closed (Compl. ¶49), the scope of discovery should be tailored to a narrow set of transactions. Defendants reserve the right to move for summary judgment following discovery, particularly if Plaintiff fails to identify a single completed deal that would entitle her to further compensation.

        Respectfully submitted,

        John J. Thompson, Esq.
        Thompson & Skrabanek, PLLC
        515 Madison Avenue, 31st Floor
        New York, NY 10022
        T: (646) 568-4280
        jt@ts-firm.com

cc:    Irene Sinayskaya, Esq.
        *Counsel for Defendants*