

October 14, 2025

**VIA ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   ***Kondratskaia v. Equitas Capital Group LLC, et al.***
             **Case No. 1:25-cv-02620-BMC**
             **Request for Leave to File Sur-Reply**

Dear Honorable Judge Cogan:

      Defendants Equitas Capital Group LLC and Aleksandr Leykind respectfully request leave to file a short sur-reply in further support of their Motion to Dismiss. While we recognize that under Local Civil Rule 6.1 and the Court's Individual Practices, briefing typically consists of moving, opposition, and reply papers, courts in this District regularly permit sur-replies where, as here, they would materially assist the Court in resolving dispositive legal issues and promote judicial economy. *See Navarrete De Pedrero v. Schweizer Aircraft Corp.*, 635 F.Supp.2d 25 (2009).

      Defendants seek leave to submit a sur-reply addressing the dispositive applicability of the New York Statute of Frauds, N.Y. Gen. Oblig. Law § 5-701(a)(10), to Plaintiff's contract-based claims. This precise issue was decided in Defendants' favor on September 29, 2025 - after the completion of briefing in this matter - in a parallel case in the Southern District of New York, *Gordon v. Equitas Capital Group LLC*, et al., No. 1:24-cv-06789 (ALC) (VF). There, the court dismissed materially identical breach of contract and related claims on Statute of Frauds grounds, providing highly persuasive authority that would significantly aid this Court's analysis.

      As the SDNY court held, "Because the [First Amended Complaint] does not bear sufficient writings to satisfy the Statute of Frauds, Defendants' motion to dismiss the breach of contract claim is granted." The court further emphasized that agreements for commissions on loan closings fall squarely within § 5-701(a)(10) and are unenforceable absent a signed writing containing the material terms. The Gordon decision also dismissed related claims for the implied covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment as duplicative or dependent on the unenforceable contract. *See Opinion & Order, S.D.N.Y., Sept. 29, 2025, attached as Exhibit A.*

KAHN YUNIVER LAW      KYPCL.COM      Irene@kypcl.com

710 AVENUE U • BROOKLYN, NEW YORK 11223      TELEPHONE: 1(718)402-2240
49 WEST 37th. STREET • NEW YORK, NEW YORK 10018      FACSIMILE 1(718)305-4571



That statute requires a signed writing for agreements to pay compensation for services in negotiating loan transactions and similar business opportunities. Plaintiff's allegations rest entirely on an alleged oral understanding regarding commissions on loan closings, which, even if accepted as true for purposes of this motion, fall squarely within the Statute of Frauds and are legally unenforceable absent a signed writing containing all material terms. This statutory requirement serves as a complete bar to Plaintiff's claims.

While the Statute of Frauds argument was not included in Defendants' opening memorandum, the *Gordon* decision was issued on September 29, 2025 - after the completion of initial briefing in this matter. This intervening authority presents a threshold legal issue that bears directly on the viability of Plaintiff's claims. The Statute of Frauds issue presents a threshold legal barrier that was outcome-determinative in the parallel *Gordon* case involving the same Defendant, same factual allegations, and the same alleged commission arrangement. The recent *Gordon* decision represents significant persuasive authority that warrants this Court's consideration. Given this recent, directly applicable authority from within this Circuit, Defendants respectfully submit that it would serve the interests of efficiency and judicial economy to permit targeted supplemental briefing now, rather than requiring a separate motion or deferring the issue to a later stage of the case where it would necessitate additional rounds of briefing and delay resolution of this dispositive issue. To minimize burden, Defendants propose limiting their sur-reply to no more than five (5) pages and confining it solely to this legal issue. Defendants would not oppose affording Plaintiff equal space and time to respond.

For these reasons, and with sincere appreciation for the Court's time and consideration of this request, Defendants respectfully request that the Court grant leave to file a sur-reply, as proposed above. Should the Court require any additional information or wish to impose different parameters on the supplemental briefing, Defendants stand ready to comply with the Court's directions.

Respectfully submitted,

/s/ Irene Sinayskaya Kahn
Irene Sinayskaya Kahn, Esq.
Kahn Yuniver Law
710 Avenue U
Brooklyn, New York 11223
T: (718) 402-2240
F: (718) 305-4571
E: Irene@kypcl.com

KAHN YUNIVER LAW        KYPCL.COM        Irene@kypcl.com

710 AVENUE U • BROOKLYN, NEW YORK 11223                    TELEPHONE: 1(718)402-2240
49 WEST 37th. STREET • NEW YORK, NEW YORK 10018            FACSIMILE 1(718)305-4571